UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JOHN ROBERT BADGER** | **CIVIL ACTION NO. 22-3631** |
| **VS.** | **SECTION P** |
| | **JUDGE TERRY A. DOUGHTY** |
| **STATE OF LOUISIANA, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff John Robert Badger, who proceeds pro se and in forma pauperis, filed this proceeding on approximately August 23, 2022, under 42 U.S.C. § 1983. He names the following defendants: the State of Louisiana, District Attorney Cathy Semmes, and Judge Winters.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff was arrested and charged with simple cruelty to animals, resisting an officer (false identity), and criminal trespassing. [doc. # 5-1, pp. 1, 2, 4]. Records reveal that Plaintiff pled guilty to the charges and was convicted. *Id.* at 1, 14. That said, Plaintiff maintains that he never pled guilty.[2] [doc. # 5, p. 3].

Plaintiff claims that District Attorney Semmes wanted to arrest him "so that [he could] miss all of the civil suits that" he filed against a key witness, Ronnie Allen, Allen's wife, and

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

[2] Plaintiff contends that he did not plead guilty, but he does not contest that he was convicted. The undersigned confirmed that Plaintiff was convicted of all three charges. TELEPHONE CALL TO DISTRICT ATTORNEY, 4TH JUDICIAL DISTRICT (September 27, 2022).

"the landlord."[3] [doc. # 1, p. 5]. He also suggests that Semmes prosecuted him to "ruin" his campaign for congress and his good name. [doc. # 5, p. 3].

Plaintiff claims that Judge Winters[4]: (1) "made fun of how [Plaintiff] pronounced words"; (2) allowed "the other party more time to state their [sic] facts but rushed" Plaintiff; (3) did not allow Plaintiff to present his "own case as a witness"; (4) allowed the district attorney "to run the courtroom and to be very disruptive"; (5) asked the district attorney if it was "okay" if he sent Plaintiff "to jail another time before a sentence was rendered"; (6) complained of the trial's length and stated that "this was the longest trial he ever had"; (7) refused to grant Plaintiff "another court date"; and (8) ignored "all the criminal acts in the video evidence presented to him." [doc. # 1, pp. 4-5].

Alleging that he was "sick in court because of the long wait" and that his "sugar dropped," Plaintiff claims that "not once was a break rendered on [his] behalf." *Id.* at 5.

Plaintiff asks the Court to award him $450,000.00, to grant him "full immunity from this state system[,]" and to remove the "Judge and DA" from their positions and prohibit their re-hire. [doc. # 1, p. 6].

## Law and Analysis

### 1. Preliminary Screening

Because Plaintiff is proceeding in forma pauperis, his Complaint is subject to screening under § 1915(e)(2). Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on

---

[3] Plaintiff does not elaborate.

[4] Plaintiff faults "the judge," without specifying the judge's name. The undersigned presumes Plaintiff is referring to Judge Winters, considering Winters is the only judge Plaintiff names as a defendant.

2

which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. The State of Louisiana**

Plaintiff names the State of Louisiana as a defendant. Liability under 42 U.S.C. § 1983 only applies to "person[s]" who deprive others of rights secured by the Constitution. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).[5] Accordingly, Plaintiff's claims against the State of Louisiana should be dismissed.

---

[5] "Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Id.* (internal quotation marks and quoted sources omitted).

4

**3. Judicial Immunity**

As above, Plaintiff claims that Judge Winters: (1) "made fun of how [Plaintiff] pronounced words"; (2) allowed "the other party more time to state their [sic] facts but rushed" Plaintiff; (3) did not allow Plaintiff to present his "own case as a witness"; (4) allowed the district attorney "to run the courtroom and to be very disruptive"; (5) asked the district attorney if it was "okay" if he sent Plaintiff "to jail another time before a sentence was rendered"; (6) complained of the trial's length and stated that "this was the longest trial he ever had"; (7) refused to grant Plaintiff "another court date"; and (8) ignored "all the criminal acts in the video evidence presented to him." [doc. # 1, pp. 4-5].

"Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). It "applies even when the judge is accused of acting maliciously and corruptly . . . ." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). It "extends to all judicial acts which are not performed in the clear absence of all jurisdiction." *Kemp ex rel. Kemp v. Perkins*, 324 Fed. App'x. 409, 411 (5th Cir. 2009) (*citing Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985)). There are only two exceptions: (1) non-judicial actions, i.e., actions not taken in the judge's judicial capacity; and (2) lawsuits challenging actions taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

"In determining whether an action is judicial, a court looks to the nature of the act itself; that is, whether the challenged act is a function normally performed by a judge." *Id.* Courts consider four factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Ballard*, 413

F.3d at 515. "These factors are broadly construed in favor of immunity." *Id.* "Immunity may be applied even if one or more of these factors is not met." *Morrison v. Walker*, 704 F. App'x 369, 373 (5th Cir. 2017).

"Immunity is not affected by the alleged magnitude of the judge's errors or the mendacity of his acts." *Stokes v. Ward*, 132 F.3d 1455 (5th Cir. 1997); *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

Here, Plaintiff does not plausibly allege that Judge Winters' actions were "non-judicial." His "blanket allegations and assertions of error do not allege any fact that would show that" the judge's actions "were taken outside of [his] judicial capacity." *Brown v. Dove*, 519 F. App'x 237, 237-38 (5th Cir. 2013). Managing or presiding over court proceedings,[6] ruling on motions,[7] and scheduling hearings[8] are all acts normally performed by a judge. In addition, Plaintiff does not allege that the judge's alleged acts occurred outside of the courtroom or appropriate adjunct spaces such as the judge's chambers. Moreover, Plaintiff's claims clearly 'center around' proceedings before the judge, and nothing indicates that the alleged acts arose outside of a visit to the judge in his official capacity.[9]

---

[6] *See Bradley v. Salvant*, 2020 WL 1896550, at *1 (5th Cir. Apr. 16, 2020); *Broadway v. Sinex*, 166 F.3d 339 (5th Cir. 1998); *LaVergne v. Stutes*, 2021 WL 2877789, at *4 (5th Cir. July 8, 2021).

[7] *See Broadway*, 166 F.3d at 339 ("Broadway's suit against the state-court judges involves the judges' rulings while presiding over the case which was properly before them, for which the judges are absolutely immune from civil suit."); *Bradley*, 801 F. App'x at 316 (finding a judge immune where the plaintiff challenged the judge's rulings on motions).

[8] See *Perry v. Dallas Sheriff's Dep't,* 2014 WL 6809192, at *5 (N.D. Tex. Dec. 3, 2014) (finding a judge immune where the plaintiff alleged that judge erred in scheduling proceedings).

[9] *See Morrison*, 704 F. App'x at 374 (finding judicial immunity even where the plaintiff failed to

Further, Plaintiff does not allege that the judge acted in the complete absence of all jurisdiction. *See* LA. CONST. art. V, § 16 ("[A] district court shall have original jurisdiction of all civil and criminal matters.").

Accordingly, Judge Winters is entitled to absolute judicial immunity with respect to Plaintiff's request for compensatory damages.[10]

### 4. Conclusory Allegation

Alleging that he was "sick in court because of the long wait" and that his "sugar dropped," Plaintiff claims that "not once was a break rendered on [his] behalf."

The undersigned previously instructed Plaintiff to: "provide additional information/detail concerning his allegation that he was not afforded a break when his sugar dropped, and identify a responsible defendant." [doc. # 4, p. 2]. Plaintiff, however, did not identify a responsible defendant. Accordingly, the Court should dismiss this claim. *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 421 (5th Cir. 2017) (dismissing a claim that supervisory officials failed to correctly house the plaintiff because despite the magistrate judge's instruction to "state what each defendant did[,]" the plaintiff did not identify a responsible defendant).[11]

---

offer any allegations relating to three of the four *Ballard* factors); *Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 674 (5th Cir. 2015) ("Avdeef makes no effort to argue that Judge Chupp's actions were 'nonjudicial' in nature or were taken 'in the complete absence of all jurisdiction,' as required to overcome judicial immunity."); *Green v. Mallia*, 400 F. App'x 816, 818 (5th Cir. 2010) (finding immunity where the plaintiffs (1) made "no allegations that [the judge] was acting outside his judicial scope" and (2) failed "to provide reasons why [the judge was] not entitled to judicial immunity.").

[10] "[J]udges are not entitled to absolute immunity from suit for injunctive or declaratory relief." *Laws. v. Hughes*, 616 F. App'x 200, 201 (5th Cir. 2015). Below, the undersigned addresses Plaintiff's other requests for relief.

[11] *See also Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021) ("The court disregards bare assertions of collective responsibility, unsupported by concrete factual allegations."); *Jones v. Hosemann*, 812 F. App'x 235, 238–39 (5th Cir. 2020) ("It is not enough

**5. Prosecutorial Immunity**

Plaintiff claims that District Attorney Cathy Semmes wanted to arrest him "so that [he could] miss all of the civil suits that" he filed against a key witness, Ronnie Allen, Allen's wife, and "the landlord." [doc. # 1, p. 5]. He also suggests that Semmes prosecuted him to "ruin" his campaign for congress and his good name. [doc. # 5, p. 3].

"Criminal prosecutors . . . enjoy absolute immunity from claims for damages asserted under [42 U.S.C.] § 1983 for actions taken in the presentation of the state's case." *Watson v. Walton*, 68 F.3d 465 (5th Cir. 1995). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997) (holding that a prosecutor's conduct in connection with preparing and filing charging documents was protected by absolute immunity).

"Absolute immunity is not a rigid, formal doctrine, but attaches to the functions a prosecutor performs." *Moon v. City of El Paso*, 906 F.3d 352, 359 (5th Cir. 2018). The Fifth Circuit has consistently held that the decision of when and whether to file criminal charges clearly falls within the scope of a district attorney's prosecutorial duties protected by absolute prosecutorial immunity. *See Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009); *Workman v. Calogero*, 174 Fed. App'x. 824, 826 (5th Cir. 2006). Absolute immunity shields prosecutors even when they act maliciously, wantonly, or negligently. *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016).

---

for a plaintiff to simply allege that something unconstitutional happened to him. The plaintiff must plead that each defendant individually engaged in actions that caused the unconstitutional harm.").

Here, District Attorney Semmes is immune from Plaintiff's claims—only with respect to Plaintiff's request for monetary relief—that Semmes maliciously prosecuted him. The decision of when and whether to file criminal charges clearly falls within the scope of a district attorney's prosecutorial duties protected by absolute prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also Brown v. Dove*, 519 F. App'x 237, 238 (5th Cir. 2013) ("[C]onclusory allegations of . . . malicious prosecution do not pierce [prosecutorial] immunity."); *Jones v. Texas*, 267 F. App'x 392, 393 (5th Cir. 2008) (prosecutors do not forfeit immunity simply because the plaintiff alleges that they acted maliciously, intentionally, or in retaliation).

Under Plaintiff's threadbare allegations, Semmes acted only in the course of her role as a governmental advocate. Accordingly, the Court should dismiss these claims as frivolous and because Plaintiff seeks monetary relief from a defendant immune from such relief.[12]

**6. Removal from Office**

Plaintiff asks this Court to remove Judge Winters and District Attorney Semmes from office and prohibit their re-hire.

The Court, however, lacks authority to grant Plaintiff's requests. Federal courts are not personnel directors. *See Hurrey v. Unknown TDCJ Corr. Officer A*, 2009 WL 3645638, at *2 (N.D. Tex. Nov. 4, 2009). Moreover, Plaintiff's requests sound in mandamus as he essentially asks the Court to, by writ, compel the non-federal officials (or entities) with the authority to terminate these defendants' employment to perform their duties. In this respect, the Court lacks

---

[12] "Neither absolute nor qualified personal immunity extends to suits for injunctive or declaratory relief under § 1983." *Chrissy F. by Medley v. Mississippi Dep't of Pub. Welfare*, 925 F.2d 844, 849 (5th Cir. 1991).

jurisdiction.[13] *See Samuels v. Emanuel*, 2014 WL 50851, at *2 (W.D. La. Jan. 7, 2014) (reasoning, where the plaintiff asked "that the defendants be relieved from their duties[,]" that "federal district court lacks jurisdiction to review actions in the nature of mandamus, seeking to compel state officials to perform duties allegedly owed the plaintiff, as for example in this case . . . .").

Accordingly, the Court should deny these requests for relief.

**7. Immunity from Prosecution**

Finally, Plaintiff asks the Court to grant him "full immunity from this state system." [doc. # 1, p. 6]. The Court should dismiss this request for several reasons.

First, Plaintiff does not identify any cognizable/recognizable immunity.

Second, to the extent he seeks release from confinement or to overturn his conviction, his request is not cognizable in this civil rights action. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) (any claim attacking the validity or duration of confinement must be raised in a habeas corpus petition); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "A habeas petition . . . is the proper vehicle to seek release from custody." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

Third, to the extent Plaintiff seeks immunity from further prosecution, he lacks standing because he was convicted, and he does not allege that there is a real and immediate possibility that defendants will prosecute him again. *See Adams v. Pearl River Valley Water Supply Dist.*, 2022 WL 2829756, at *3 (5th Cir. July 20, 2022) ("To proceed with such a claim for prospective

---

[13] "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States* or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added).

injunctive or declaratory relief, a plaintiff must demonstrate continuing harm or a real and immediate threat of repeated injury in the future."); *Humphreys v. City of Ganado, Tex.*, 467 F. App'x 252, 257 (5th Cir. 2012) ("Humphreys lacks standing to seek an injunction against future prosecution for the same conduct because he alleges no facts indicating that such prosecution is likely, or even threatened."); *Easton v. Wisner*, 68 F.3d 468 (5th Cir. 1995) (concluding, where the plaintiff requested prospective declaratory and injunctive relief against district attorneys, that the plaintiff's requests were moot because he failed "to demonstrate a likelihood that the defendants have any plans to prosecute him on further charges, or that the defendants will likely seek to revoke his probation in the future.").

To recapitulate, the State of Louisiana is not amenable to suit under Section 1983, the remaining defendants, Winters and Semmes, are immune from Plaintiff's requests for monetary compensation, and Plaintiff does not seek any other cognizable relief. Accordingly, the Court should dismiss Plaintiff's claims.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff John Robert Badger's claims and requests for relief be **DISMISSED** as frivolous, for failing to state claims on which relief may be granted, and for seeking monetary relief from defendants immune from such relief.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 30th day of September, 2022.

_____
Kayla Dye McClusky
United States Magistrate Judge